UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> CHERYL RIDEOUT CIFUNI, *et al.*, <br><br> Defendant. | Case No.: 2:19-cv-01879-GMN-DJA <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 12), filed by Defendants Michael Cifuni, Cheryl Rideout Cifuni, and the Estate of Mikayla Cifuni (collectively, the "Cifunis").[1] Plaintiff Acuity ("Acuity") filed a Response, (ECF No. 14), and the Cifunis filed a Reply, (ECF No. 15).

Also pending before the Court is Acuity's Motion for Summary Judgment, (ECF No. 13). The Cifunis filed a Response, (ECF No. 19), and Acuity filed a Reply, (ECF Nos. 22, 23).

Also pending before the Court is Acuity's Motion for Leave to File Supplemental Brief, (ECF No. 24), and Defendants' Motion for Leave to File Supplemental Brief, (ECF No. 29).[2]

**I.     BACKGROUND**

This is a declaratory judgment action brought pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. On or about March 18, 2017, Acuity issued an automobile insurance policy to Defendant Cheryl Rideout Cifuni, assigning policy number V71724-7 (the "Policy"). (Compl. ¶ 12, ECF No. 1); (Policy, Ex. B to Compl., ECF No. 1-3).

---

[1] Decedent Mikayla Cifuni was the daughter of Defendants Cheryl Rideout Cifuni and Michael Cifuni. (Compl. ¶ 3). Defendant Estate of Mikayla Cifuni is filed in the Eighth Judicial District Court, Case No. P-17-093431-C. (*Id.* ¶ 4). Defendant Cheryl Rideout Cifuni is the special administrator of that Estate. (*Id.*).
[2] Good cause appearing, the Motions for Leave to File Supplemental Brief, (ECF Nos. 24, 29), are **GRANTED**.

The Policy's uninsured/underinsured ("UM/UIM") motorist coverage is the subject of this action. (*See* Compl. ¶ 24).

On May 9, 2019, the Cifunis, in their capacity as plaintiffs, commenced Case No. A-19-794534-C, in the Eighth Judicial District Court (the "State Court") alleging that Mikayla Cifuni died following a September 11, 2017 motor vehicle collision, which occurred as a result of the negligence of Alina Dillman, Gheorge Chitescu, Mauricio Delgadillo, Elvira Aguilar, and Boo Boo, Inc., doing business as Roflooring a Nevada Corporation (the "State Court Action"). (Compl. ¶¶ 9, 10). At the time of the collision Mikayla Cifuni was the operator of a 2008 Hyundai Tucson. (*Id.* ¶ 10). The 2008 Hyundai Tucson was not an automobile listed on the Policy. (*Id.* ¶ 15). Further, Mikayla Cifuni was not listed as a driver on the Policy. (*Id.* ¶ 18).

On October 23, 2019, Acuity filed a motion to intervene in the State Court Action. (Mot. Dismiss ("MTD") at 3, ECF No. 12); (Resp. to MTD at 5, ECF No. 14). On the same date, Acuity commenced the instant federal action pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201 and Rule 57. (Compl. ¶ 27). In its Complaint, Acuity invokes diversity jurisdiction and seeks "a declaration of the duties, rights and interests of the parties as related to this motor vehicle policy and this dispute." (Compl. ¶¶ 7, 27). Acuity's Complaint does not set forth any other causes of action.

On January 21, 2020, the Cifunis filed a motion with the State Court to amend their complaint in order to add allegations directly against Acuity. (Ex. 1 to MTD, ECF No. 12-1). On the same date, the Cifunis filed the instant Motion to Dismiss, (ECF No. 12).

The State Court denied the Cifunis' motion to amend their complaint on March 18, 2020. (Ex. A to Acuity's Mot. Suppl. Brief, ECF No. 24). The Cifunis filed a motion for reconsideration, which the State Court granted on June 12, 2020. (Ex. A to Cifunis' Reply, ECF No. 25-1). The amended complaint was filed in State Court on June 15, 2020. (Ex. B to Cifunis' Mot. Suppl. Brief, ECF No. 29-2). As such, the State Court Action now includes the

following claims against Acuity: breach of contract; contractual and tortious breaches of the implied covenant of good faith and fair dealing; and declaratory relief, requesting the adjudication of rights of the parties under the "applicable insurance contract." (*Id.*).

## II. LEGAL STANDARD

Rule 57 of the Federal Rules of Civil Procedure provides that "[t]hese rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57(a). Under the Declaratory Judgments Act, 28 U.S.C. §§ 2201, *et seq.*, the Court has discretion, but is not obligated to entertain declaratory relief actions. The Declaratory Judgment Act has repeatedly been characterized as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952). Even where the case is appropriately before the court, the Declaratory Judgments Act is "'deliberately cast in terms of permissive, rather than mandatory, authority.'" *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (quoting *Wycoff Co.*, 344 U.S. at 250). "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

In exercising authority under the Declaratory Judgment Act, a district court "should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Id.* (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942)) (commonly referred to as the "*Brillhart* factors"). A court may also consider:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a res judicata advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court

systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*, 133 F.3d at 1225 n.5 (internal quotation marks omitted).

### III. DISCUSSION

In their Motion, the Cifunis argue that the relevant factors weight heavily in favor of dismissal and therefore, the Court should decline to entertain the instant declaratory relief action. (*See* MTD at 4, ECF No. 12). As such, the Court will begin its analysis by addressing each of the *Brillhart* factors.

#### A. Needless Determination of State Law Issues

The first *Brillhart* factor—avoiding needless determinations of state law—weighs against entertaining the instant declaratory relief action. *Dizol*, 133 F.3d at 1225. "Where . . . the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir. Thus, the *Brillhart* policy of avoiding unnecessary declarations of state law is especially strong[.]" *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133 F.3d at 1227. Here, jurisdiction is based on diversity jurisdiction, and the Complaint involves only state insurance law, which is "an area that Congress has expressly left to the states[.]" *Id.*

Acuity's assertion that this case would not involve determinations of unsettled state law does not persuade this Court that it should entertain this action prior to resolution of the State Court Action. (Resp. to MTD at 8–13, ECF No. 14). The Court would likely engage in needless determination of state insurance law because the outcome of the State Court Action could very well obviate the need for the instant declaratory relief action. *Cf. Nat'l Cas. Co. v. Isaac Sotelo*, No. 2:17-CV-2456-KJD-CWH, 2019 WL 1560430, at *2 (D. Nev. Apr. 9, 2019) ("The Court sees no reason to interpret Nevada law while its own court explores the same issue.").

### B. Discouraging Forum Shopping

Under the second *Brillhart* factor, the Court should discourage litigants from filing declaratory actions as a means of forum shopping. "Forum shopping refers to [t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 981 (9th Cir. 2011). "To avoid forum shopping, courts may consider 'the vexatious or reactive nature of either the federal or the state litigation.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.20 (1983)).

The Court finds this factor is neutral. Although Acuity filed this action after the Cifunis filed the State Court Action, and could be considered a "reactive declaratory action[ ]," *see Dizol*, 133 F.3d at 1225, the Court is not convinced it amounts to disfavored forum shopping. *See Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 804 (9th Cir. 2002) (declining to disturb district court's finding that this factor was neutral when one party "merely preferred state resolution while [another party] preferred federal resolution.").

### C. Avoiding Duplicative Litigation

The third *Brillhart* factor—avoiding duplicative litigation—weighs against entertaining the instant declaratory relief action. In *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361 (9th Cir. 1991), the Ninth Circuit explained that a district court's discretion to grant relief under the Declaratory Judgments Act ordinarily should not be exercised "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* at 1366 (quoting *Brillhart*, 316 U.S. at 495).

Here, Acuity explains it is requesting that the Court interpret and enforce the insurance contract between Acuity and the Cifunis. (MTD at 8). "One of the coverage issues involved in the subject declaratory relief action is the enforceability of the 'owned but uninsured' exclusion in the [Policy's] UM/UIM coverage[.]" (*Id.* at 6). "Another coverage issue is whether the

wrongful death claims of the three claimants would be limited to the 'per person' limit on the UM/UIM policy." (*Id.*).  While the contractual issues, which Acuity is requesting this Court to review, were not clearly present in the State Court Action at the time the instant declaratory relief action was filed, that is no longer the case.  In June 2020, the Cifunis filed an amended complaint in State Court asserting the following claims against Acuity: breach of contract; contractual and tortious breaches of the implied covenant of good faith and fair dealing; and declaratory relief, requesting the adjudication of rights of the parties under the "applicable insurance contract." (Ex. B to Cifunis' Mot. Suppl. Brief, ECF No. 29-2).  As the Cifunis argue in the instant Motion, the State Court Action's breach of contract claim "will resolve the issues currently before this Court." (MTD at 7).  Because "another suit is pending in a state court presenting the same issues," the action is "not governed by federal law," and the action is "between the same parties," this factor weights against retaining jurisdiction. *See Chamberlain*, 931 F.2d at 1366.

### D. Additional Factors

The additional factors that a court may consider in determining whether to stay or dismiss a declaratory relief action do not compel a different outcome. *See Dizol*, 133 F.3d at 1225 n.5.  Those factors are generally neutral, but notably, resolution of this declaratory relief action will not "settle all aspects of the controversy," *id.*, because as the Cifunis explain, "the State Court Action has all the same issues before it, along with other issues including damages." (MTD at 7); *cf. Morgan Drexen, Inc. v. Consumer Fin. Prot. Bureau*, 785 F.3d 684, 697 (D.C. Cir. 2015) ("the real question for the court is not which action was commenced first but which will most fully serve the needs and convenience of the parties and provide a comprehensive solution of the general conflict.") (citation omitted)).

In sum, the applicable factors weigh against retaining jurisdiction over the instant declaratory relief action.

### E. Stay or Dismissal

"Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, *to stay or to dismiss* an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (emphasis added). The Cifunis' Motion only contemplates dismissal and does not address whether a stay of the case would be appropriate.

In *Wilton*, the U.S. Supreme Court noted that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Id.* at 288 n.2 (citing P. Bator, D. Meltzer, P. Mishkin, & D. Shapiro, Hart and Wechsler's The Federal Courts and the Federal System 1451, n. 9 (3d ed. 1988)). The Court therefore finds that staying the action is warranted under the instant circumstances. Moreover, staying this action until resolution of the State Court Action will result in the most efficient use of judicial resources.

Accordingly, the Cifuni's Motion to Dismiss is **DENIED**. This action is **STAYED** pending resolution of the State Court Action.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Acuity's Motion for Leave to File Supplemental Brief, (ECF No. 24), and the Cifunis' Motion for Leave to File Supplemental Brief, (ECF No. 29), are **GRANTED**.

**IT IS FURTHER ORDERED** that the Cifuni's Motion to Dismiss, (ECF No. 12), is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending resolution of the State Court Action.

**IT IS FURTHER ORDERED** that in light of the above, Acuity's currently pending motions are **DENIED without prejudice**.  In the event the State Court Action fails to resolve the matter in controversy, and the stay is therefore lifted, Acuity may renew its motions.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report on the earlier of every ninety (90) days from the date of this Order, or within ten (10) days of the final disposition of some or all of the claims in the State Court Action.  In those reports, the parties shall set forth their respective and/or collective views as to the status of the State Court Action and whether the stay of this action should be lifted.  The first report shall be filed on or before December 28, 2020.

The Clerk of Court is directed to administratively close this case.

**DATED** this __28__ day of September, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court